FRANK M. COX v. THE STATE.

No. 7372.    Decided May 2, 1923.

**1.—Adultery—Requested Charge.**

In the absence of exceptions to the refusal of requested charges the
same cannot be considered on appeal.

**2.—Accomplice—Corroboration—Insufficiency of the Evidence.**

Where, upon trial of adultery, the corroboration of the accomplice's
testimony was insufficient to sustain the conviction, the judgment must be
reversed and the cause remanded.

Appeal from the County Court of Lamar. Tried below before the
Honorable W. L. Hutchison.

Appeal from a conviction of adultery by habitual intercourse;
penalty, a fine of one hundred dollars.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was charged by information with
adultery with one Ethel Beatrice Thornton in that he unlawfully had
habitual intercourse with her. Upon conviction punishment was
assessed at a fine of one hundred dollars.

Several special charges were requested but the record fails to show any exceptions reserved to their refusal, and hence the question is not before us for review as to the correctness or otherwise of the action of the court in that matter.

The only point deserving serious consideration is the contention that there is no corroboration of appellant's paramour. Her evidence is to the effect that she became acquainted with appellant in the fall of 1920; that she went to appellant's home on one occasion for the purpose of making a dress, and while there appellant's wife went to town, leaving witness and appellant alone; that he had intercourse with her upon that occasion; that a few days after this she went to the gin where he worked and while there he again had sexual relations with her; that a few days later she spent the night at appellant's home, sleeping by herself, and that during the night he came to her bed and another act occurred; that on one occasion she was on her way home from school in company with her brother and sister and after they had crossed a bridge appellant called to her from under the bridge, that she went to him and another act of sexual intercourse there occurred. She further testified that she became pregnant as a result of her relations with appellant and that he told her to swear the cause of her condition was Charlie Turner. She denied having intercourse with any person other than appellant. Upon cross-examination she averred that she had no recollection of having improper relations with appellant at any time after the occurrence under the bridge, which she fixed as in November, 1920. Her baby was born on March 30, 1922. According to her testimony on cross-examination she had not had intercourse with any person for more than fourteen months before her baby was born. On redirect examination she stated she could not remember exactly the time, but that she had had relations with appellant after discovering that she was pregnant.

The court properly charged that this witness was an accomplice, and that a conviction could not result unless she was corroborated by other testimony. The father of prosecutrix testified that appellant had frequently visited at his home, but does not undertake to state any circumstances which would indicate any improper relations between appellant and his daughter. She had testified that on one occasion she gave him a note in which she told him of her condition. Her father testified that he saw his daughter give appellant a letter or a note on one occasion. Appellant admits having received this note, but asserts that in the note prosecuting witness told him that Charlie Turner was the cause of her then condition, and requested him to see Turner in regard to the matter. The brother of prosecuting witness testified that on one occasion he saw his sister at the gin talking to appellant but he fixed the date of such conversation as the fall of 1921. Appellant testified, denying in toto any improper relations

with the prosecutrix at any place or at any time; that at the time she spent the night at his home she slept with his daughter, Minnie Cox. He denied specifically the acts of intercourse testified to by prosecutrix. Appellant's wife and daughter both testified that upon the occasion of prosecutrix spending the night at their house she slept with the daughter.

Appellant may be guilty of the offense charged against him, but we have been entirely unable to find any evidence in the record which meets the requirement of the law as to corroboration. All of the evidence, other than her own, which placed them in company of each other shows it also to have been in the presence of other parties. The transaction testified to by prosecutrix as having occurred under the bridge was not substantiated in any way; although prosecutrix testified she was in company with her brother and sister at the time she approached the bridge, neither of them were called to show that she disappeared from their company upon the occasion testified to by her.

In the absence of evidence tending to corroborate prosecutrix we have no option but to reverse the judgment and remand the case for a new trial.

*Reversed and remanded.*